MELISSA FRENCH, )
)
On Behalf of Herself and )
All Others Similarly Situated, ) Case No.: 2:14-cv-2625
)
  Plaintiff, )
)
vs. )
) **JURY TRIAL DEMANDED**
)
**MIDWEST HEALTH MANAGEMENT,** )
**INC.,** )
)
  Defendant. )

## FLSA COLLECTIVE AND RULE 23 CLASS ACTION COMPLAINT

Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant Midwest Health Management, Inc. ("Midwest Health" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and Kansas common law and Kansas wage laws, K.S.A. §§ 44-301, *et seq*. ("Kansas Wage Payment Act" or "KWPA").

## NATURE OF THE ACTION

1.  Plaintiff alleges on behalf of herself and all other similarly situated employees of Defendant who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Action Members"), that they are (i) entitled to unpaid wages including overtime premiums for all hours worked exceeding forty (40) in a workweek, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*., specifically 29 U.S.C. §§ 207, 216(b).

2.  Plaintiff further complains, pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of other similarly situated non-exempt, hourly employees employed by Defendant within

1

the state of Kansas (the "Kansas Class"), that they are entitled to unpaid straight time, overtime premium pay, and penalties as required by Kansas common law and Kansas wage laws, K.S.A. § 44-301, *et seq*.

## JURISDICTION AND VENUE

3.     The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 since it is part of the same case and controversy as the FLSA claim.  The state and federal claims derive from a common nucleus of operative fact, the state law claims will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

6.     The United States District Court for the District of Kansas has personal jurisdiction because Defendant conduct business within this District.

7.     At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant employed "employee[s]," including Plaintiff Melissa French, and those persons similarly situated as described herein.  At all relevant times, Plaintiff and the other members of the putative classes were engaged in commerce and/or worked for Defendant in an enterprise engaged in commerce.  At all relevant times, Defendant

2

was a health care employer as defined by the FLSA and/or had gross annual operating revenue in excess of $500,000.00 (Five Hundred Thousand Dollars).

**PARTIES**

8.      Defendant Midwest Health is a Kansas corporation with its principle place of business located at 3715 SW 29th St., Suite 200, Topeka, Kansas 66614.  "Midwest Health offers quality long-term care in communities throughout Kansas, Iowa, Nebraska and Oklahoma."  As of the filing date of this Complaint, Midwest Health manages and controls eight "skilled nursing centers" in Kansas, two "mental health communities" in Kansas, "assisted living communities" which number sixteen in Kansas, seven in Iowa, three in Nebraska, and one in Oklahoma, and three "independent living communities" in Kansas.  *See* Midwest Health website: http://midwesthealth.ppi.net/.

9.      Plaintiff Melissa French was, at all relevant times, an individual residing in McPherson, McPherson County, Kansas.

10.      At all relevant times, Plaintiff French was employed by Midwest Health in Salina, Kansas, as a Licensed Practical Nurse ("LPN"), an hourly position.  Plaintiff French's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as an exhibit.

**COLLECTIVE ACTION ALLEGATIONS**

11.      Plaintiff French brings Count I, the FLSA off-the-clock claim, as an opt-in action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following persons:

All hourly, non-exempt employees who worked in Defendant's facilities and experienced an automatic meal break deduction at any time during the last three years. ("Off-the-Clock Collective Action Members").

12.     Plaintiff, on behalf of herself and all other similarly situated hourly, non-exempt employees, seeks relief on a collective basis challenging Defendant's practice of failing to accurately record work time and pay their employees for all hours worked, including overtime premiums.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential Collective Action Members may easily and quickly be notified of the pendency of this action.

13.     Plaintiff is similarly situated to all non-exempt employees at Defendant's facilities who experienced an automatic meal break deduction because, upon information and belief, (i) all are subject to the same payroll and workplace policies and procedures, which require but fail to pay for all hours worked, including work during unpaid meal breaks, and (ii) all utilize the same timekeeping system, which fails to record all time worked.

14.     Plaintiff will fairly and adequately protect the interests of the Off-the-Clock Collective Action Members, and has retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

15.     Plaintiff brings Count II, the KWPA claim, as a Rule 23 class action on behalf of herself and the following persons:

> All hourly, non-exempt employees who worked in Defendant's facilities and experienced an automatic meal break deduction at any time during the last three years.  ("KWPA Class Members").

16.     Plaintiff brings Counts III and IV, the Kansas unjust enrichment/quantum meruit and breach of contract claims, as a Rule 23 class action on behalf of herself and the following persons:

4

All hourly, non-exempt employees who worked in Defendant's facilities and experienced an automatic meal break deduction within the State of Kansas at any time during the last three years. ("Kansas Common Law Class Members").

17.     Plaintiff's Rule 23 class claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

18.     Plaintiff's Rule 23 state law claims satisfy the numerosity requirement of a class action. The Rule 23 Class Members[1] identified above are so numerous that joinder of all members is impracticable. Although the precise number of potential class members is unknown, and the facts for calculating that number are presently within the sole control of Defendant, upon information and belief, there are more than one hundred (100) Class members.

19.     Questions of law and fact common to the Rule 23 Class Members predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all Rule 23 Class Members. Among the questions of law and fact common to Plaintiff and the Rule 23 Class Members are:

   a.     whether Defendant employed the Kansas Common Law and KWPA Class Members within the meaning of state common law and wage laws;

   b.     whether Defendant promised to pay Class Members their agreed hourly rate in exchange for all work performed as a term and condition of their employment;

   c.     whether Defendant unlawfully failed to accurately record and pay for all hours worked, including work during unpaid meal breaks, by the Kansas Common Law and KWPA Class Members;

---

[1] Plaintiff refers to the "KWPA Class Members" and the "Kansas Common Law Class Members" collectively as "Rule 23 Class Members."

d. whether Defendant failed to pay the Kansas Common Law and KWPA Class Members straight time and/or overtime premiums for all hours worked in excess of forty (40) hours per workweek;

e. whether Defendant has been unjustly enriched;

f. whether Defendant breached its contractual obligation to pay Class Members their agreed hourly rate for all hours worked, including both straight time and overtime wages; and

g. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory and statutory damages, interests, costs, and attorneys' fees.

20. Plaintiff's claims under Kansas state law are typical of those of the classes' in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

21. The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

22. A class action is appropriate for the fair and efficient adjudication of this controversy. Defendant acted or refused to act on grounds generally applicable to the entire class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of the class members to protect their interests. The damages suffered by individual class members may be relatively small, and the

expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

23.     Plaintiff will fairly and adequately represent the interests of the Rule 23 Class Members, and has retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this class and collective action.

24.     Plaintiff anticipates amending this Complaint to include and assert Rule 23 common law claims on behalf of current and former employees of Defendant in states besides Kansas who opt into this case following Conditional Collective Action certification and notice.

### STATEMENT OF FACTS

25.     Defendant Midwest Health is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and the Kansas Wage Payment Act.

26.     Plaintiff French was hired by Midwest Health, as a Licensed Practical Nurse at its Holiday Resort care facility in Salina, Kansas, beginning in approximately July 2002.  She continued to work for Midwest Health until her employment ended in approximately June 2012.

27.     Plaintiff French was initially employed as a non-exempt, hourly employee at a rate of approximately $12.50 per hour, and her pay rate increased to approximately $19 per hour during the course of her employment.  And, while Plaintiff's job duties routinely required her to work in excess of forty (40) hours per workweek, she was often denied overtime premiums and/or not paid for the entirety of the overtime she worked per week.

28.     As hourly, non-exempt employees, Plaintiff and the other similarly situated hourly, non-exempt employees are or were entitled to overtime premiums for hours worked in excess of forty (40) each week.  *See* 29 U.S.C. § 213.

7

29.     As hourly, non-exempt employees, Plaintiff and others similarly situated were promised overtime premiums by Defendant for all hours worked in excess of forty (40) each week, and those wages were owed to Plaintiff and others similarly situated at the next regularly scheduled pay day to occur at least once during each calendar month.  *See* K.S.A. § 44-314.

30.     Plaintiff and all similarly situated hourly, non-exempt employees clocked in and out of the company-wide timekeeping system put in place by Defendant before and after the end of their shifts.

31.     Plaintiff and other similarly situated hourly, non-exempt employees were required to work off the clock.  This work occurred before the beginning of their shifts, following the end of their shifts, and during unpaid meal breaks.

32.     The unpaid work time that Defendant required Plaintiff and other similarly situated hourly, non-exempt employees to work off the clock would have put Plaintiff and other similarly situated employees at a total number of hours exceeding forty (40) in a workweek.

33.     Defendant's policy and practice requiring Plaintiff and other similarly situated hourly, non-exempt employees to work off the clock, including pre- and post-shift and during unpaid meal breaks, denied them straight time and overtime pay.

34.     Defendant's policy and practice is to willfully deny its hourly, non-exempt employees overtime pay for all hours worked including hours worked beyond forty (40) in a workweek.

35.     Even though Defendant had a computerized timekeeping system in place and could have easily recorded Plaintiff's and other similarly situated hourly, non-exempt employees' actual hours worked, Defendant did not allow Plaintiff and other similarly situated employees to be clocked in during all time spent working.  And, even when pre- and post-shift

work and work during unpaid meal breaks was performed, those hours were not reflected on employees' paystubs and were unpaid.

36. During the relevant time period, Defendant's policies and practices included automatically deducting a 30-minute meal period from its hourly employees compensable work time each shift.

37. During the relevant time period, Defendant's policies and practices required work during these unpaid meal periods. Specifically, Plaintiff and other similarly situated hourly employees were required to clock out for a meal break and/or a 30-minute meal break was automatically deducted from each shift regardless of whether work was performed during that "break."

38. On information and belief, Defendant applied and instituted the above described willful and illegal policies and practices regarding not paying for all hours worked, including during unpaid meal breaks, at all of Defendant's facilities.

39. The net effect of Defendant' policies and practices is that Defendant fail to pay overtime premiums in order to save payroll costs and taxes. Defendant enjoys ill-gained profits at the expense of Plaintiff and other similarly situated employees.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938**
**(Brought Against Defendant by Plaintiff Melissa French Individually and on Behalf of the Off-the-Clock Collective Action Members)**

40. Plaintiff, on behalf of herself individually and all Off-the-Clock Collective Action Members, reasserts the allegations set forth in the above paragraphs.

41. Defendant paid Plaintiff and the Off-the-Clock Collective Action Members on an hourly basis, and they are and were all entitled to the overtime protections of the Fair Labor Standards Act as set forth in 29 U.S.C. §§ 201, *et seq*.

42. At all relevant times, Defendant has been, and continues to be, subject to the minimum wage and overtime provisions of the FLSA because their employees are engaged in commerce, they are a health care employer as defined by the FLSA, and/or Defendant has annual revenues in excess of $500,000 (five hundred thousand dollars).

43. Plaintiff and other similarly situated hourly, non-exempt employees routinely performed work in excess of forty (40) hours per workweek.

44. This work was performed at Defendant's direction and/or with Defendant's knowledge.

45. Defendant willfully violated the FLSA by failing to pay Plaintiff and the other Off-the-Clock Collective Action Members all wages due including overtime premiums for hours accrued beyond forty (40) in a workweek.

46. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

47. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Defendant has unlawfully withheld wages from Plaintiff and the Off-the-Clock Collective Action Members. Accordingly, Defendant is liable to Plaintiff and the Off-the-Clock Collective Action Members for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

a. Certify the claim set forth in Count I above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated current and former hourly,

non-exempt employees of Defendant who experienced an automatic meal break deduction during the last three years informing them of their right to file consents to join the FLSA portion of this action;

b. Designate Plaintiff Melissa French as the Representative Plaintiff of the Off-the-Clock Collective Action and undersigned counsel as the attorneys representing the Off-the-Clock Collective Action Members;

c. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law;

e. Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA including that Defendant is financially responsible for notifying the Collective Action Members of Defendant's alleged wage and hour violations; and

f. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable.

## COUNT II
### Fed.R.Civ.P. 23 CLASS ACTION FOR VIOLATION OF THE KWPA
**(Brought Against Defendant by Plaintiff Melissa French Individually and on Behalf of the KWPA Class Members)**

48. Plaintiff, on behalf of herself and the KWPA Class Members, reasserts the allegations set forth in the above paragraphs.

49. At all material times hereto, Plaintiff and the KWPA Class Members were employed by Defendant, who is located within the State of Kansas, and have been entitled to the rights, protections, and benefits provided under the Kansas Wage Payment Act.

11

50. Pursuant to K.S.A. §§ 44-301 *et seq.*, Plaintiff brings Count II individually and on behalf of the KWPA Class Members for Defendant's unlawful withholding of straight time and overtime wages in violation of Kansas wage laws, K.S.A. §§ 44-301, *et seq.*, specifically K.S.A. § 44-314.

51. The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

52. Defendant is subject to the pay requirements of K.S.A. § 44-314 because Defendant is an employer in the state of Kansas under K.S.A. §§ 44-313(a) and 44-323, and Plaintiff and the KWPA Class Members are employees under K.S.A. § 44-313(b).

53. Pursuant to K.S.A § 44-314, Defendant is required to pay Plaintiff and the KWPA Class Members all wages due, including straight time and overtime wages, at the next regularly designated payday to be scheduled at least once each calendar month.

54. By failing to accurately record, maintain records of, and pay for Plaintiff's and KWPA Class Members' actual hours worked, Defendant willfully reduced the total number of hours on Plaintiff's and KWPA Class Members' paychecks. These unlawful policies and practices resulted in these Kansas employers' systematic, willful withholding of wages in violation of K.S.A. § 44-314.

55. Defendant was obligated by the Fair Labor Standards Act, its own contractual promises, and Kansas common law to pay these wages due, but Defendant unlawfully withheld these wages, thereby violating the KWPA.

56. Defendant is liable to Plaintiff and the KWPA Class Members pursuant to K.S.A. §§ 44-315 and 44-323 for unpaid wages including straight time and overtime compensation, an

12

additional equal amount as a penalty, plus interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

a. Certify the state law claim set forth in Count II above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Designate Plaintiff Melissa French as the Class Representative of the KWPA Class Members and undersigned counsel as the attorneys representing the KWPA Class Members;

c. Award Plaintiff and all similarly situated employees compensatory damages and up to an equal amount as a penalty, plus interest pursuant to K.S.A. §§ 44-315 and 44-323;

d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law

e. Award Plaintiff and all similarly situated employees attorneys' fees and costs; and

f. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable.

### COUNT III
**FED.R.CIV.P. 23 Class Action for Unjust Enrichment/Quantum Meruit**
**(Brought Against Defendant by Plaintiff Melissa French Individually and on Behalf of the Kansas Common Law Class Members)**

57. Plaintiff Melissa French, on behalf of herself and the Kansas Common Law Class Members, reasserts the allegations set forth in the above paragraphs.

58. Plaintiff and the Kansas Common Law Class Members conferred a benefit upon Defendant by working "off-the-clock" on their behalf without compensation.

59. Defendant was aware that it was receiving the benefit of this unpaid work at the time the work was performed and accepted and retained that benefit without paying fair compensation for the same.

60. Defendant's acceptance and retention of the benefit of the Kansas Common Law Class Members' unpaid labor was inequitable and resulted in Defendant being unjustly enriched.

WHEREFORE, Plaintiff and the Kansas Common Law Class Members demand judgment against Defendant and pray this Court:

a. Certify the state law claim set forth in Count III above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Designate Plaintiff Melissa French as the Representative Plaintiff of the Kansas Common Law Class Members and undersigned counsel as the attorneys representing the Kansas Common Law Class Members;

c. Order Defendant to disgorge the value of its ill-gained benefits to Plaintiff and all similarly situated employees;

d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law; and

e. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable.

## COUNT IV
### FED.R.CIV.P. 23 Class Action for Breach of Contract
**(Brought Against Defendant by Plaintiff Melissa French Individually and on Behalf of the Kansas Common Law Class Members)**

61. Plaintiff Melissa French, on behalf of herself and the Kansas Common Law Class Members, reasserts the allegations set forth in the above paragraphs.

62.     An employment agreement existed between the Plaintiff and Defendant and a similar employment agreement existed between each Kansas Common Law Class Member and Defendant, the terms and conditions of which included a requirement for employees to perform services for Defendant and an agreement by Defendant to pay Plaintiff and the other Kansas Common Law Class Members at an agreed hourly rate for all work performed, plus an overtime rate of one-and-one-half times that agreed hourly rate for all overtime work.

63.     The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration.  Plaintiff and the Kansas Common Law Class Members performed all conditions precedent, if any, required of them under their employment agreements.

64.     Defendant failed and refused to perform their obligations in accordance with the terms and conditions of their employment agreements by failing to compensate Plaintiff and the Kansas Common Law Class Members for all time worked, including both straight and overtime hours.

65.     Plaintiff and the Kansas Common Law Class Members were thereby damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff and the Kansas Common Law Class Members demand judgment against Defendant and pray this Court:

a.     Certify the state law claim set forth in Count IV above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.     Designate Plaintiff Melissa French as the Representative Plaintiff of the Kansas Common Law Class Members and undersigned counsel as the attorneys representing the Kansas Common Law Class Members;

15

c. Order Defendant to pay all promised wages to Plaintiff and all similarly situated employees;

d. Award Plaintiff and all similarly situated employees attorneys fees, expenses, prejudgment and post-judgment interest as provided by law; and

e. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a jury trial on all claims with respect to which she may have the right to a jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the United States District Court of the District of Kansas at Kansas City as the place of trial.

DATED: December 18, 2014

Respectfully Submitted,

*/s/ Rowdy B. Meeks*
Rowdy B. Meeks, KS# 16068
**ROWDY MEEKS LEGAL GROUP LLC**
10601 Mission Rd., Suite 100
Leawood, Kansas 66206
Tel:  (913) 766-5585
Fax:  (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com

*/s/ Tracey F. George*
Tracey F. George, KS# 77967
**DAVIS GEORGE LLC**
1600 Genessee, Suite 328

Kansas City, Missouri 64102
Tel: (816) 569-2629
Fax: (816) 447-3939
tracey@davisgeorge.com


**ATTORNEYS FOR PLAINTIFF**