## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MELISSA FRENCH,** *on behalf of*  *herself and all others similarly situated,*   **Plaintiff,**   vs.   **MIDWEST HEALTH, INC.,**   **Defendant.** | )  )  )  )  )  )  )  )  )  )  )  )  )    Case No. 2:14-cv-2625-JAR-KMH |

## MEMORANDUM AND ORDER

Plaintiff brings this putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against Defendant Midwest Health, Inc. ("Midwest Health"), claiming violations of the FLSA's minimum wage and overtime pay requirements. Plaintiff is joined by nineteen current and former Midwest Health employees from eight different facilities in Kansas, Iowa, and Nebraska who have opted in to this lawsuit ("Opt-in Plaintiffs"). Specifically, Plaintiff alleges that because Defendant automatically deducts a 30-minute meal break ("Meal Break") from each shift of six or more hours, and she and many employees often work during that period and receive no compensation for said work, the practice is therefore in violation of the FLSA. This matter is before the Court on Plaintiff's Motion for Conditional Collective Action Certification and Notice (Doc. 6). For the reasons explained below, Plaintiff's motion to conditionally certify is granted in part and denied in part. Specifically, the Court will conditionally certify the following class:

> *All hourly employees who worked for Defendant's care facilities during the last three years and were subject to the 30-minute*

1

>                *automatic meal deduction policy.*

As discussed more fully below, the conditionally certified class is altered from the proposed class, the Court therefore denies Plaintiff's request to approve its proposed notice and directs the parties to confer, attempt to agree on a proper notice and consent-to-join form, and resubmit the forms for the Court's approval. Finally, the Court grants Plaintiff's request for putative plaintiffs' names and contact information.

**I.     Standard**

An action under the FLSA may be brought "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[1] Unlike a class action under Federal Rule of Civil Procedure 23, to participate in an FLSA collective action, all plaintiffs must "give[] [their] consent in writing to become such a party," and it must be "filed in the court in which such action is brought."[2]

Before notice is sent to putative plaintiffs to inform them of the pending action, it must be conditionally certified as a collective action. The court may certify an opt-in collective action so long as the aggrieved employees are similarly situated.[3] Section 216(b) does not define "similarly situated." The Tenth Circuit has approved an *ad hoc* case-by-case basis for determining whether employees are "similarly situated" for purposes of § 216(b).[4] This involves a two-step inquiry.[5] The first step occurs at the "notice stage" of the proceedings. Here, the

---

[1] 29 U.S.C. § 216(b).

[2] *Id.*

[3] *See id.*

[4] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102, 1105 (10th Cir. 2001).

[5] *Id.* at 1105.

court determines if certification is proper for purposes of sending notice of the action to potential collective action members.[6] At this stage, the court "requires *nothing more* than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."[7] This standard is lenient[8] and typically results in conditional certification.[9] In reviewing a motion for conditional certification, the court does not weigh the evidence, resolve factual disputes,[10] or rule on the merits of plaintiffs' claims.[11] Generally, courts in this District have limited the scope of their review on a motion for conditional certification to the allegations in the Plaintiffs' Complaint and supporting affidavits.[12]

The second step—requiring the court to apply a stricter standard to assure that plaintiffs

---

[6]*Id.* at 1102.

[7]*Id.* (emphasis added) (alterations omitted); *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006) (citations omitted).

[8]*Thiessen*, 267 F.3d at 1103.

[9]*Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) (citing *Gieseke*, 408 F. Supp. 2d at 1166).

[10]*Barnwell v. Corr. Corp. of Am.*, No. 08-2151-JWL, 2008 WL 5157476, at *5 (D. Kan. Dec. 9, 2008) ("the fact that evidence exists negating plaintiffs' claims does not warrant the denial of conditional certification where plaintiffs nonetheless have presented substantial allegations supporting the existence of a policy"); *Geer v. Challenge Fin. Investors Corp.*, No. 05-1109-JTM, 2005 WL 2648054, at *2 (D. Kan. Oct. 17, 2005) (deciding to only consider the pleadings and affidavits filed by plaintiffs because, "at this point, the Court is not prepared to weigh the evidence"); *Whalen v. United States*, 85 Fed. Cl. 380, 385 (Fed. Cl. 2009) ("In the process, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.") (citation and internal quotation marks omitted); *see also Thiessen*, 267 F.3d at 1106–07 (noting that, in applying the stricter second-stage standard, trial court weighed the evidence and made factual findings in determining whether plaintiffs were "similarly situated," and as a result "the district court essentially deprived plaintiffs of their right to have the issues decided by a jury, or to at least have the court determine, under summary judgment standards, whether there was sufficient evidence to send the issue to the jury.").

[11]*Gieseke.*, 408 F. Supp. 2d at 1166.

[12]*Renfro*, 243 F.R.D. at 434 & n.4 (declining to consider defendant's additional evidence at the "notice stage" because plaintiff is only required to produce substantial allegations and supporting affidavits or declarations) (collecting cases); *see Gipson v. S.W. Bell Tel. Co.*, No. 08-cv-2017-EFM/DJW, 2009 WL 1044941, at *3 n.22 (D. Kan. Apr. 20, 2009); *Geer*, 2005 WL 2648054, at *2 (D. Kan. Oct. 17, 2005); *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 680 (D. Kan. 2004).

are actually similarly situated—comes after discovery is complete, and is usually prompted by defendants filing a motion to decertify.[13]

## II.     Background

Plaintiff filed this action on December 18, 2014.  In support of the allegations in the Complaint, Plaintiff attached to her motion declarations from herself and twelve of the nineteen Opt-in Plaintiffs, setting forth that Defendant Midwest Health owns, operates, and/or manages at least forty-two skilled nursing, assisted living, and independent living facilities in Kansas, Nebraska, Iowa, and Oklahoma.  The following facts are alleged in Plaintiff's Complaint and declarations and are summarized as follows:

Defendant had a policy of automatically deducting a 30-minute meal break from each shift of six or more hours whether or not a full, uninterrupted meal break was actually taken. During these uncompensated periods, Plaintiff and other employees often worked, or were interrupted with work, and were not compensated, subjecting hourly employees to off-the-clock work.  Defendant's hourly employees, according to Plaintiff, include but are not limited to: registered nurses, charge nurses, Certified Nurse Aides ("CNAs"), Certified Medication Aides ("CMAs"), dietary aides, cooks, activities directors, activities aides, and housekeeping and maintenance personnel.  Defendant's nursing home and assisted living employees, as well as Monarch Transportation Aides[14] employees, are subject to the same timekeeping system and pay policies.  Twelve of the Opt-in Plaintiffs offer sworn testimony that they were subject to

---

[13]*Thiessen*, 267 F.3d at 1102–03.

[14]Monarch Transportation Aides is not one of the facilities listed on the Midwest Health Facilities List (Doc. 7, Ex. 1), however, Plaintiff alleges that Monarch is one of the facilities owned, operated, and/or managed by Defendant.  Defendant admits that Monarch has a similar time-keeping system as Midwest Heath but claims that they are separate entities.  Doc. 16 at 4.

Defendant's personnel policies and procedures, including the Meal Break.  Plaintiffs affirm that they each have personal knowledge that the other hourly employees also performed work during their unpaid meal periods due to Defendant's Meal Break policy.  Plaintiff further provides a Midwest Health Employee Handbook ("Employee Handbook") which references the policy in question.[15]

Plaintiff seeks compensatory and liquidated damages under § 216(b), interest and attorneys' fees and costs allowed by § 216(b).  Since this action was commenced, nineteen Plaintiffs have opted in by filing "Consent to Join" forms with the Court.

## III.  Discussion

### A.  Conditional Certification

Plaintiff asks the Court to conditionally certify the action as a collective action under § 216(b) of FLSA for the following class:

> *All hourly employees who worked for Defendants' care facilities during the last three years (the "Off-the-Clock Class").*

Plaintiff also requests the Court order Defendant to (1) authorize mailing of the proposed notice to all putative plaintiffs, (2) conspicuously post notice by the time clocks at each of the care facilities until the opt-in period closes, and (3) require Defendant to produce a list of all potential class members, including their names, addresses, dates of employment, job title, facility location, and phone numbers.  Plaintiff's motion is before the Court at the notice stage of review.  The

---

[15] The document reads in part: "As an hourly employee, working six (6) or more hours you must take a thirty (30) minute meal break near the middle of the shift.  This time will be automatically deducted from your time each workday.  During the 30-minute lunch break, the employee is to be relieved of all duties . . . ." Doc. 7, Ex. 5 at 11.

parties have not initiated discovery and a trial date has not been set.[16]

In opposing Plaintiff's motion, Defendant essentially argues that Plaintiffs have not sufficiently alleged that (1) they are "similarly situated," (2) they were the victims of a "single decision, policy, or plan" warranting conditional certification, and (3) the proposed class is overbroad. As discussed further below, the Court finds Plaintiffs have met the threshold of providing substantial allegations that they were victims of a single policy, sufficient to warrant conditional certification. Defendant's evidentiary arguments, at this stage, do not directly controvert or unravel the substantial allegations presented by Plaintiffs.

### 1. Similarly Situated

Defendant argues that Plaintiffs are not similarly situated because they are not actually its employees, but are individually employed by various facilities, which contracted with Defendant to provide management services. Defendant invites the Court to look beyond Plaintiff's pleadings by providing Midwest Health's Stockholders Agreement and affidavits and declarations from fourteen witnesses, including current workers, stating that they are not employees of Midwest Health.

Defendant's argument requires the Court to rule on whether it is an employer under the FLSA. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."[17] Determining the status of Defendant as an employer and the putative class as employees will be a fact-intensive inquiry requiring the court to weigh evidence. As such, this challenges to conditional certification is premature.

---

[16] A scheduling conference as required by Fed. R. Civ. P. 26 had been set for March 19, 2015, but was cancelled at the request of counsel pending disposition of this motion.

[17] 29 U.S.C. § 203(d).

To the extent Defendant wishes to raise factual challenges to whether the putative plaintiffs are similarly situated, such challenges are appropriately raised at the stricter second-stage of the conditional certification process,[18] after discovery is completed and the evidence is more fully developed allowing the Court to consider the disparate factual and employment settings of each plaintiff, the scope of the alleged violation, or the various defenses Defendant may assert against individual plaintiffs.[19]  Possible defenses or justifications for decertification will be considered should Defendant file a motion for summary judgment or motion to decertify. Questions about the manageability of the case will also be considered at that time.[20]

At the notice stage, with no discovery conducted, it is enough that Plaintiff has *alleged* that she and the putative class were employees of Defendant.  Plaintiff's Complaint, as supported by the declarations, is a substantial allegation and therefore meets the threshold for sending notice to other putative plaintiffs.[21]

### 2.   Single Decision, Policy, or Plan

Next, Defendant argues that Plaintiffs have not sufficiently alleged that they were

---

[18]During the second stage, the court reviews a number of factors, including "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required [] before instituting suit." *Thiessen*, 267 F.3d at 1103.  *See also Garcia v. Tyson Foods, Inc.*, 255 F.R.D. 678, 685 (D. Kan. 2009).

[19]*Thiessen*, 267 F.3d at 1102–03; *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 433–34 & nn.3, 4 (D. Kan. 2007); *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1168 (D. Kan. 2006); *Geer v. Challenge Fin. Investors Corp.*, No. 05-1109-JTM, 2005 WL 2648054, at *4 (D. Kan. Oct. 17, 2005); *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004); *Williams v. Sprint/United Mgmt. Co.* 222 F.R.D. 483, 487 (D. Kan. 2004).

[20]*Gieseke*, 408 F. Supp. 2d at 1168.

[21]*See, e.g.*, *Renfro*, 243 F.R.D. at 434.

subjected to a single decision or policy because, first, not all of the putative class members were subject to the Meal Break policy and, second, that the policy in question does not violate FLSA. Defendant's first argument here is rendered moot by the alteration to the conditionally certified class, which is discussed more fully below. Its second argument is that the practice challenged does not violate the FLSA because the Employee Handbook states that when health care facility employees are interrupted during a Meal Break, they must report the time they worked so that they may be compensated.[22]   The second argument is premature, as it reaches the merits of the case.

Plaintiff's burden at this stage is not to prove that the policy violates the FLSA. It is to show that such a policy exists and that the putative class was subject to it. Plaintiff does so. Plaintiff gives sworn testimony that she was subjected to the Meal Break. The Opt-in Plaintiffs assert in their declarations that they were subjected to the same policy. Both Plaintiff and the Opt-in Plaintiffs gave declarations that other hourly employees were subjected to the Meal Break policy. Thus, Plaintiffs have set forth "substantial allegations that the putative class members were together the victims of a single decision, policy or plan."[23] That is all that the Court requires.[24] The Court finds Plaintiffs' allegations are sufficient for purposes of conditional certification.

### 3. Overbroad

---

[22] The relevant section reads: "In addition, any hourly employee that has his/her lunch break interrupted for any work-related reason must fill out the 'Change in Hours Worked" form so he/she will be property paid. Failure to complete the 'Change in Hours Worked" form, marking no lunch taken and describing the reason, may result in discipline up to, and including, discharge." Doc. 7, Ex. 5 at 11.

[23] *Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

[24] *Id.* (internal alterations omitted).

Defendant finally argues that the proposed class is overbroad because it includes almost every employee during the past three years.  While the argument that the class would consist of a large number of employees does not necessarily make the class overbroad, the Court nevertheless agrees that the class is overbroad if it encompasses employees who were not subject to the policy in question.  Defendant contends that the employee handbook is a collection of *suggested* policies, implying that some facilities may not follow the policy of automatically deducting a 30-minute meal break.  Defendant also contends that some workers at certain facilities clock out for meals.  Although it would be premature at this stage for the Court to consider information beyond the Plaintiff's Complaint and declarations, here the Court does not need to do so.  Plaintiff contends that only employees subject to the Meal Break policy are contemplated as potential class members.  Indeed, Plaintiff states in her reply, "[t]he tie that binds Plaintiff's putative class is that the putative class members were all subject to Defendant Midwest Health's auto-deduct meal break policy."[25]  The Court will therefore approve a class of all hourly employees subject to the policy in question.

### B.     Notice to Putative Plaintiffs

The benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."[26]

Plaintiff has attached a proposed notice to her motion.[27]  However, it appears the parties

---

[25] Doc. 18 at 20.

[26] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

[27] Doc. 7, Ex. 12.

have not yet met and conferred on a mutually agreeable notice to be sent to putative plaintiffs. Regardless, the Court has altered the class definition. Accordingly, with respect to the form and substance of the notice and consent-to-join forms, Plaintiff's motion is denied without prejudice. After counsel have consulted with one another and attempted to resolve or at least narrow their disputes, Plaintiff may resubmit the motion.[28] If the parties cannot come to a compromise on specific issues, including the posting of notice at facilities, the Court advises Plaintiff to file a motion and Defendant to file a response as indicated below. To the extent the parties have taken different positions, they should support their respective positions with case law or examples of notices/consent forms in other cases in this District. The parties are encouraged to review the forms approved in *Fortna v. QC Holdings, Inc.*[29] The Court notes in advance, however, that any reference to the District Court on the notice should be removed.[30] The parties are encouraged to reach an agreement.

In preparation for the distribution of notice to putative plaintiffs' Defendant is directed to provide Plaintiff's counsel with a list of all the present and former employees within the designated class, with their names, last known addresses, dates of employment, job title, facility locations, and telephone numbers, by the date specified below.

### C. Statute of Limitations

Finally, Plaintiffs allege Defendant engaged in this policy and practice willfully,

---

[28] *Pivonka v. Bd. of Cnty. Comm'rs of Johnson Cnty., Kan.*, No. 04-2598-JWL, 2005 WL 1799208, at *5 (D. Kan. July 27, 2005).

[29] No. 06-CV-0016-CVE-PJC, 2006 WL 2385303 (N.D. Okla. Aug. 17, 2006).

[30] *See Hoffmann-La Roche Inc.*, 493 U.S. at 174 (declining to discuss the content of the notice, but when court-authorized notice includes "statement that the notice had been authorized by the District Court, but that the court had taken no position on the merits of the case," the Supreme Court reminded lower courts that they must "take care to avoid even the appearance of judicial endorsement of the merits of the action.").

invoking a three-year statute of limitations.[31] Under the FLSA, the statute of limitations for each plaintiff runs until the date he or she files a written consent to join the action, unless the limitations period is equitably tolled.[32] Therefore, with regard to putative plaintiffs who will receive notice of this action, the Court applies a three-year statute of limitations period to the putative collective action members. Thus, the Court limits the class to "three years from the date of the Court's order to the present."[33]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Conditional Certification (Doc. 6) is **granted in part and denied in part**. The Court conditionally certifies Plaintiff's collective action under § 216(b) of the FLSA for the following class of persons:

> *All hourly employees who worked for Defendant's care facilities during the last three years and were subject to the 30-minute automatic meal deduction policy.*

Plaintiff Melissa French is designated as the class representative and Plaintiffs' counsel shall act as class counsel in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's motion to approve Plaintiff's form of notice is **denied without prejudice**, to be reasserted after the parties have conferred. The parties shall meet and confer in an attempt to reach an agreement on a proposed notice and consent form to be sent to putative plaintiffs, including a proposed deadline for the potential Opt-in Plaintiffs

---

[31] 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132, 135 (1988) (applying three-year statute of limitations to willful violations of the FLSA, and defining willful as "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute").

[32] 29 U.S.C. § 256; *In re Am. Family Mut. Ins. Co. v. Overtime Pay Litig.*, No. 06-cv-17430-WYD-CBS, 2009 WL 248677, at *4 (D. Colo. Feb. 3, 2009).

[33] *See Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 435 n.5 (D. Kan. 2007).

to join this action.  If an agreement is reached, the parties shall submit a joint proposed notice and consent form to the Court for approval within twenty-one (21) days of the Court's order.  To the extent the parties are unable to reach an agreement, Plaintiffs shall file a motion within twenty-one (21) days of the Court's order, to seek approval of the proposed forms, and Defendant shall have fourteen (14) days to respond to Plaintiff's motion.  Defendant may, if necessary, submit an alternative proposed notice and consent form with its response.

**IT IS FURTHER ORDERED** that, **within fourteen (14) days of the Court's Order**, Defendant must provide Plaintiff a list in electronic and importable format, of the first and last names, last-known addresses, dates of employment, job title, location of employment, and telephone numbers of all members of the putative class.

**IT IS SO ORDERED.**

Dated: July 1, 2015

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE